IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAY D. COLBURN**, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 13-CIV-250-JHP-KEW |
| **JUSTIN JONES**, Director Oklahoma Department of Corrections, | ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Ray Colburn, currently in custody in the Federal Correctional Institution in Otisville, New York, filed a Petition for Writ of Habeas Corpus attacking a detainer placed against him following revocation of his parole on a conviction from Seminole County District Court, State of Oklahoma, Case No. CF-1995-176.  Respondent has filed a motion to dismiss (Dkt. # 9) alleging that petitioner has failed to exhaust his administrative and judicial remedies, that the writ is improperly before the court because the petitioner is not challenging the legality of his incarceration and that the petitioner has no liberty interest in parole.  For the reasons discussed below, this Court finds it lacks jurisdiction to consider the writ and therefore, this action is dismissed without prejudice and the respondent's motion is denied as moot.

Petitioner filed this action under the provisions of 28 U.S.C. § 2254.  According to the pleadings, however, Petitioner is not in custody pursuant to the judgment of a State court.  Rather, he is in custody pursuant to a federal drug charge conviction.  *See*, Dkt. # 1 at p. 24.  Therefore, petitioner's writ should have been filed under the provisions of 28 U.S.C. § 2241.

However, this Court has no jurisdiction to grant the relief requested because the petitioner is not currently restrained within this judicial district. *See*, 28 U.S.C. § 2241(a). While this Court is aware that it can transfer cases to a district court having jurisdiction, 28 U.S.C. § 2241(b), the Court declines to do so in this particular case for two reasons. First, the petitioner has not named the person currently having custody over him, *i.e.*, the warden of the Federal Correctional Institute in Otisville, New York. Second, the petitioner may still have administrative[1] and/or state judicial remedies[2] that must be exhausted before proceeding in a federal court.

**ACCORDINGLY**, for the reasons stated herein, this Court dismisses the petition for writ of habeas corpus without prejudice for lack of jurisdiction. Further, pursuant to 28 U.S.C. § 2253(c)(1)(A), this Court hereby denies a certificate of appealability. *See*, *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

It is so ordered on this  25th  day of November, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[1]Respondent argues the petitioner has not exhausted his administrative remedies with the Oklahoma Department of Corrections. Since, however, the petitioner is not in the custody of the Oklahoma Department of Corrections, this Court finds those remedies are not currently applicable to the petitioner. It is entirely possible, however, that there are administrative remedies which could be pursued in the Federal Correctional Institute in Otisville, New York. This Court makes no finding in regard to the existence and/or applicability of administrative procedures in the facility in which the petitioner is incarcerated since those procedures would be more appropriately addressed in a district court in the district wherein the restrained is had. *See*, 28 U.S.C. § 2241(a).

[2]While Respondent claims the petitioner has a state judicial remedy, *i.e.* a state writ of habeas corpus pursuant to OKLA. STAT. tit. 12, §§ 1331 *et seq.*, this Court makes no finding regarding state court judicial remedies which might be available. The Court would note, however, that the petitioner sought post-conviction relief in the District Court of Seminole County Case No. CF-1995-176, the denial of which was affirmed by the Oklahoma Court of Criminal Appeals. *See*, Dkt. # 1 at pp. 23-32.