# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAY D. COLBURN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV 13-250-JHP-KEW |
| | ) |
| JUSTIN JONES, Director, | ) |
| Oklahoma Department of Corrections,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, an inmate in the Federal Correctional Institution in Otisville, New York, has filed a motion to alter or amend the judgment dismissing this habeas petition, which was filed pursuant to 28 U.S.C. § 2241. He is challenging a detainer placed against him following parole revocation in Seminole County District Court Case No. CF-1995-176, and he alleges the delay in executing the parole violation warrant and the manner in which parole was revoked violated his due process rights.

"[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). "A Rule 59(e)

---

[1] Generally, the proper respondent in a § 2241 action is the warden of the institution where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 433–436 (2004); *Scott v. United States*, 586 F. Supp. 66, 68 n.1 (E.D.Va. 1984) (citing *Copeland v. State of Mississippi*, 415 F. Supp. 1271, 1272 n.1 (N.D. Miss. 1976)). However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Rumsfeld*, 542 U.S. at 438. Here, Petitioner is not challenging his present physical federal confinement; rather, he is challenging a state detainer lodged against him, seeking to be released at the end of his federal prison term.

motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Id.* at 1324 (internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Although this petition was not dismissed on the merits, the court will review petitioner's allegations and the respondent's motion to dismiss.

The respondent alleged petitioner had failed to properly exhaust his state administrative and judicial remedies. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

The record shows petitioner has not sought relief through the Oklahoma Department of Corrections inmate grievance procedure or through a state petition for a writ of habeas corpus. He did, however, file an application for post-conviction relief in the trial court on October 14, 2011. The denial of the application was affirmed in *Colburn v. State*, No. PC 2012-343, slip op. (Okla. Crim. App. Feb. 4, 2013).

Petitioner argues he lacks access to the Oklahoma DOC administrative remedy process, and a state habeas action is not required. The state habeas statute, however, states that "[e]very person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." Okla. Stat. tit. 12, § 1331. The court finds petitioner did not exhaust

his remedies before filing this federal habeas petition, as required by 28 U.S.C. § 2254(b)(1)(A).

The court further finds that even if petitioner had exhausted his state remedies, this petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).[2]

Petitioner alleges that on March 1, 1996, he was sentenced to 30 years' imprisonment in Seminole County District Court Case No. CF-1995-176. On March 17, 2000, he was

---

[2] The respondent alleged in his motion to dismiss that the petition was time-barred, but this issue was not fully briefed. *See* Docket No. 9 at 1.

3

released on parole, and his supervision was transferred to Pennsylvania, so he could live there. On August 12, 2002, he was arrested for parole violations and held in the Columbia County, Pennsylvania, Prison for extradition to Oklahoma. The Oklahoma authorities, however, did not issue a formal warrant until November 15, 2002. After a time, petitioner sought a writ of habeas corpus from the Court of Common Pleas of Columbia County, and on January 3, 2003, that court ordered him released. He waived extradition, and Oklahoma authorities were directed to appear in Pennsylvania to take custody within ten days. The authorities failed to appear, and petitioner remained free from incarceration.

On October 2, 2004, petitioner was arrested again on the same parole violation and taken into custody. On October 7, 2004, he appeared before a judge who again ordered his release and ruled that petitioner could not be extradited to Oklahoma, because the authorities previously had failed to exercise their rights under the Uniform Extradition Act.

On December 27, 2006, petitioner was arrested for an unrelated federal drug offense and eventually was sentenced to 120 months' imprisonment. On June 28, 2010, Oklahoma authorities lodged a detainer against him at his current facility. He alleges that Oklahoma's delay in exercising its rights with respect to the detainer constituted a waiver of the right to extradite him for the Oklahoma case.

It is clear that the latest date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" was June 28, 2010, when Oklahoma lodged a detainer against petitioner at his present facility. *See* 28 U.S.C. § 2244(d)(1)(D). Therefore, the deadline for filing this habeas petition was June 28, 2011. The petition, filed on June 11, 2013, was untimely. Because he did not initiate his post-conviction proceedings until October 14, 2011, after expiration of the limitation period,

4

there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Furthermore, the pendency of any prior habeas actions does not toll the statute of limitations. *See York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003) (citing *Duncan v. Walker*, 533 U.S. 167, 172-82) (2001)).

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted). Petitioner has not met this burden.

The court also concludes petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, petitioner is denied a certificate of appealability.

**ACCORDINGLY,** petitioner's motion to alter or amend judgment (Docket No. 15) is DENIED, and this action is DISMISSED WITH PREJUDICE. Further, petitioner is denied a certificate of appealability.

DATED this 30th day of September 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma